**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 21-cv-02864-REB

D.J.,

      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

      Defendant.

---

**ORDER AFFIRMING ACTING COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed October 25, 2021,

seeking review of the Acting Commissioner's decision denying plaintiff's claims for

disability insurance benefits and supplemental security income benefits under Titles II

and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review

the Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully

briefed, obviating the need for oral argument.  I affirm.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges he is disabled as a result of degenerative disc disease of the

cervical spine status post-fusion, degenerative disc disease of the thoracic and lumbar

spine, chronic obstructive pulmonary disease (COPD), and Dupuytren's contracture of

the left hand.  After his applications for disability insurance benefits and supplemental

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on April 14, 2021.  At the time of the hearing, plaintiff was 52 years old.  He has a high school education and past relevant work experience as an animal attendant, building maintenance operator, and farm machinery operator.  He has not engaged in substantial gainful activity since at least August 7, 2013, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established plaintiff suffered from severe impairments, the judge found the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ determined plaintiff had the residual functional capacity to perform a range of light, unskilled work with manipulative and environmental limitations. Although this conclusion precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in substantial numbers in the national and local economies he could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Acting Commissioner] to consider the combined effects of

the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Acting Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1.  The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2.  The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[2]  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Acting Commissioner to show the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Acting Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

---

[2]  Throughout this opinion, I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Acting Commissioner's regulations relating to disability insurance benefits. Identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

4

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Acting Commissioner. *Id.*

### III.  LEGAL ANALYSIS

In two points of error, plaintiff alleges the disability decision must be reversed because the ALJ (1) impermissibly "cherry-picked" the record; and (2) failed to consider the combined effects of all his impairments.  Finding no such error in the ALJ's decision, I affirm.

Plaintiff claims the ALJ cherry-picked the record by failing to address the significant hand limitations contained in the consultative examination report of Dr. Azra Salahuddin.  (Tr. 1226-1232.)[3]  Of course, it is reversible error for the ALJ to "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."  *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citation and internal quotation marks omitted).  Nevertheless, no such error occurred in this case.

Plaintiff underwent a consultative examination with Dr. Salahuddin in April 2018. Dr. Salahuddin noted that plaintiff exhibited periscapular muscle spasm and tenderness on the right and that plaintiff's "[r]ight shoulder visibly hangs 2-3 inches lower than left." Plaintiff also could not fully make a fist with his left hand due to contracture of the last

---

[3]  Plaintiff actually argues that the alleged failure to consider all Dr. Salahuddin's proposed limitations was "the most obvious example" of selective consideration to the record.  To the extent this argument is meant tacitly to invite the court to consider other, unspecified instances of cherry picking, I refuse that invitation.  "[A] party's failure to point the court to evidence in the record which supports its motion creates no duty in the court to make that party's case for it."  *Corral v. Colvin*, 2016 WL 1170216 at *2 (D. Colo. March 25, 2016).  *See also Abdelmeged v. Colvin*, 2015 WL 5047645 at *6 (D. Colo. Aug. 26, 2015) ("This court is neither required nor inclined to scour the record in search of evidence to support a party's arguments, and declines plaintiff's implicit invitation to do so here."), *appeal dismissed*, (10th Cir. Jan. 26, 2016) (No. 15-1397).

two digits on that hand, although he had good grip and full flexion.  (Tr. 1229.)

Nevertheless, his range of motion in the shoulders was in within normal limits in all

planes; indeed, with the exception of external rotation on the right shoulder, plaintiff's

range of motion was at or near the top end of the normal range.  (Tr. 1230.)  Dr.

Salahuddin concluded plaintiff could work an eight-hour day, lift up to 10 pounds with

one arm and up to 20 pounds with both arms occasionally and occasionally perform

overhead activity.  (Tr. 1232.)[4]

The ALJ specifically noted these conclusions and found them supported by Dr.

Salahuddin's examination findings.  (Tr. 21.)  Nevertheless, he found the opinion only

partially persuasive on the ground that it failed to address fully the manipulative

limitations imposed by plaintiff's left hand contracture.  (Tr. 21-22.)  He thus added

further limitations in that regard to his residual functional capacity assessment to

account for the longitudinal evidence showing a loss of grip strength over time.  *See*

*Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[I]f a medical opinion adverse

to the claimant has properly been given substantial weight, the ALJ does not commit

reversible error by electing to temper its extremes for the claimant's benefit."); *N. M. v.*

*Kijakazi*, 2022 WL 1239326 at *4 (D. Colo. Apr. 26, 2022) (no reversible error in adding

further limitations to otherwise persuasive medical opinion to account for developments

post-dating opinion).

Nevertheless, contrary to Dr. Salahuddin's suggestion, the ALJ concluded

plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently.  (Tr. 16.)[5]

---

[4]  As used in the Social Security regulations, "occasionally" means "occurring from very little up to one-third of the time."  **Social Security Ruling** 83–10, 1983 WL 31251 at *5 (SSA 1983).

[5]  The ALJ concurred with Dr. Salahuddin's proposed limitations on overhead work, noting such limitations were supported by the limited range of motion in plaintiff's right upper extremity.  (Tr. 21.)

That conclusion was supported by the opinion of the state agency medical consultants, Dr. James McElhinney and Dr. Carol Phelps, who each independently endorsed such limitations.  (Tr. 93-96, 111-114, 131-136, 149-154.)  The ALJ found these opinions consistent with the record showing plaintiff's neck pain symptoms resolved following his cervical fusion; imaging studies showing only mild tendonosis of the shoulder, mild arthritis of the AC joint, mild bursitis, and no muscle tearing; and physical examination findings.  (Tr. 22.)[6]  Moreover, while the ALJ's ultimate assessment was less restrictive than Dr. Salahuddin's opinion, it was significantly more restrictive than the findings of a functional capacity evaluation performed in January 2017, which determined plaintiff could lift and carry between 25 and 40 pounds, suggesting he was capable of medium work.  (Tr. 642-643, 645.)

It is not cherry picking for the ALJ to discharge his duty and prerogative to consider and reconcile conflicts in the evidence, particularly conflicts between the medical opinions of record.  *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988); *Ghini v. Colvin*, 82 F.Supp.3d 1224, 1233 (D. Colo. 2015).  Indeed, in determining plaintiff's residual functional capacity, the ALJ was not required to adopt any particular medical source opinion, *see Ghini*, 82 F.Supp.3d at 1233 & n.9, and where, as here, the evidence admits of two or more conflicting views, the ALJ's choice between them

---

[6] Plaintiff claims the ALJ also failed to differentiate between issues related to his shoulder and those related to his scapula/thoracic region.  As many of the medical sources also failed to make this distinction, it is not entirely clear how plaintiff imagines the ALJ was supposed to divine it for himself.  Moreover, plaintiff points to no evidence, nor makes any argument, to suggest that recognition of this distinction would have supported additional or greater functional limitations than those assessed by the ALJ.  *See McCloskey v. Colvin*, 2016 WL 6212519 at *6 (D. Colo. Oct. 24, 2016) (plaintiff's burden to "demonstrate that the available evidence . . . reflects a more restrictive RFC . . . in order to show that the ALJ's conclusion was not supported by substantial evidence").

cannot be error, *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *Abdelmeged v. Colvin*, 2015 WL 5047645 at *6 (D. Colo. Aug. 26, 2015), *appeal dismissed*, (10th Cir. Jan. 26, 2016) (No. 15-1397).  It was not here.

Plaintiff's argument that the ALJ failed to consider the combined effect of all his impairments fares no better.  In this regard, plaintiff argues specifically that the ALJ failed to consider that plaintiff "could not use his fingers on his left hand and lift his right arm due to scapular issues" in evaluating whether his impairments met the requirements of listing 1.18.  According to plaintiff, "[i]t strains credulity to believe that an issue that is 'severe' – that 'significantly limits the ability to perform basic work activities['] – is at the same time in no way limiting to one's occupational choices."  (**Br.** ¶ 27 at 7.)

There are multiple problems with this argument.  First, the evidence does not support in any way the conclusion that plaintiff cannot lift his right arm at all.  True, he has exhibited pain in the area of his right scapula and a mildly decreased range of motion in the shoulder.  (**See** Tr. 1229-1230, 1396-1399.)  Nevertheless, and although it increased his pain, he was able to lift 25-30 pounds overhead during the 2017 functional capacity evaluation, which plainly shows that he can use the right arm to some degree.  (**See** Tr. 642-643.)  Yet "disability requires more than mere inability to work without pain," *Brown v. Bowen*, 801 F.2d 361, 362–63 (10th Cir.1986) (citation and internal quotation marks omitted), and it was the ALJ's task to determine how functionally limiting plaintiff's pain and impairment was.

8

Likewise, while plaintiff could not use the fourth and fifth fingers of his left hand, it is important to note he has suffered from Dupuytren's contracture since he was a teenager, a period during which plaintiff nevertheless was able to perform medium to heavy work.  *See* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition[.]").  ***See also Martinez v. Astrue***, 2013 WL 1232194 at *3 (D. Colo. March 26, 2013).  Indeed, the evidence shows plaintiff has learned to adapt to this impairment.  For example, Dr. Salahuddin noted although plaintiff could not make a full fist, he had good grip and was able to pinch, grasp, and manipulate objects without difficulty except where required to touch his left thumb to his pinky.  (Tr. 1229.)  Similarly, at the 2017 functional capacity evaluation, plaintiff was noted to have normal bilateral grip and pinch strength for a man of his age.  (Tr. 645.)  A second consultative examiner observed plaintiff was able to pick up coins from a flat surface, fasten and unfasten a button, and tie his shoelaces.  (Tr. 1397-1398.)  Again, this evidence clearly shows some level of functional ability despite the impairment.

Second, the standard for showing an impairment is "severe" at step 2 of the sequential evaluation,  *see* 20 C.F.R. § 404.1520(c), is a *de minimis* one, ***Hinkle v. Apfel***, 132 F.3d 1349, 1352 (10th Cir. 1997); ***Williams***, 844 F.2d at 751.  To meet it, a plaintiff need show only his impairment or combination of impairments has more than a minimal effect on his ability to do basic work activities.  ***Williams***, 844 F.2d at 751.  Such a finding essentially is little more than a conclusion that a medically determinable impairment exists; it in no way indicates how limiting *vel non* that impairment is.[7]

---

[7]  Moreover, and contrary to plaintiff's implication, the ALJ did not find that plaintiff's severe impairments "in no way" limited his occupational choices.  Indeed, the judge concluded plaintiff's residual functional capacity was limited in myriad ways, to the extent plaintiff was unable to engage in his past

Third, regarding the ALJ's analysis at step 3 of the sequential evaluation, I perceive no error in his determination that the evidence did not demonstrate plaintiff's shoulder impairment met or equaled the requirements of the listings.[8]  The ALJ meticulously expatiated his findings as to why he found each of plaintiff's various impairments did not satisfy their apposite listings (Tr. 15-16), and plaintiff offers neither argument nor evidence to suggest his shoulder/scapular issues actually satisfied the criteria of the listing, *see* 20 C.F.R., App. 1, Pt. A, Subpt. 1, § 1.18.[9]  Similarly, to the extent plaintiff argues the ALJ failed to consider his various impairments in combination

_____

relevant work.

    [8]  At step 3, the ALJ considers whether any of plaintiff's severe impairments meet or are medically equivalent to an impairment set forth in the agency's listing of impairments.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling.  20 C.F.R. § 404.1520(d).  *See Sullivan v. Zebley*, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990); *Thomas v. Colvin*, 69 F.Supp.3d 1174, 1178 (D. Colo. 2014).  An impairment is presumptively disabling only if the evidence shows that all criteria of the listing are met.  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 110 S.Ct. at 891 (footnote omitted).

    [9]  Specifically, an impairment of a major joint in any extremity is presumptively disabling under section 1.18 if there is documented evidence of four circumstances.  20 C.F.R., App. 1, Pt. A, Subpt. 1, § 1.18(A), (B), (C), & (D).  The ALJ noted no evidence substantiated the fourth of these conditions, which requires proof of:

> D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
>> 1. A documented medical need for a walker, bilateral canes, or bilateral crutches) or a wheeled and seated mobility device involving the use of both hands; or
>>
>> 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or
>>
>> 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18(D) (internal citations omitted).  (*See* Tr. 15.)

at step 3, he fails even to articulate, much less demonstrate, that his impairments collectively are medically equivalent to the requirements of a listed impairment. *See* 20 C.F.R. § 404.1526(b).

Finally, any intimation that the ALJ failed to consider all plaintiff's impairments, severe and non-severe, in combination in assessing his residual functional capacity is belied by the record. While an ALJ's bare conclusion is not an adequate substitute for actual findings, and does not constitute substantial evidence, *see Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004); *Masse v. Astrue*, 2010 WL 3853318 at *4 (D. Colo. Sept. 28, 2010), the court will take a lower tribunal at its word when it says it has considered an issue where the record provides no reason to doubt that assertion, *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *Manning v. Colvin*, 182 F.Supp.3d 1156, 1164 (D. Colo. 2016). Such is the case here. The court can readily discern the basis for the ALJ's conclusions that plaintiff's various impairments, singly and collectively, did not preclude all competitive work in the national economy. *See Musick v. Astrue*, 2013 WL 441064 at *9 (D. Kan. Feb. 5, 2013) ("[A]lthough a reviewing court may not supply a reasoned basis for the agency's action that the agency itself has not given, it may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (quoting *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)) (internal quotation marks omitted). *See also Sanchez v. Berryhill*, 2019 WL 1254997 at *5 (D. Colo. March 18, 2019). Nothing in his opinion suggests there was any error in that conclusion.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Acting Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated May 25, 2022, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

12